[Crim. No. 243. First Appellate District.—August 17, 1910.]

## THE PEOPLE, Respondent, v. PATRICK McGEE, Appellant.

CRIMINAL LAW—ASSAULT WITH DEADLY WEAPON—SUPPORT OF VER-
DICT.—Upon a review of the evidence, it is held that it shows that,
while defendant was roaming the streets at an unusual hour, he,
without plausible reason, accosted the prosecuting witness and
his companions, and without provocation knocked one of them
down, and a few moments later shot at and seriously wounded
the complaining witness, without any apparent necessity or justifica-
tion; that, from the record, defendant might have been prosecuted
for a more serious offense than the one charged; and that, at
all events, the question of his guilt or innocence of the offense
of an assault upon the complaining witness with a deadly weapon
was for the jury, and its verdict of guilty cannot be disturbed
for insufficiency of the evidence to support it.

ID.—REQUESTED INSTRUCTION—ABSENCE OF MOTIVE—MATTER OF FACT.
A requested instruction that "if you find from the evidence that
the defendant had no motive for the commission of the offense
charged in the information, the absence of a motive is a circum-
stance in favor of one accused, which must be added to the pre-
sumption of innocence, and which you should take into consideration
in deliberating upon your verdict," involved a matter of fact, and
the court was not bound to give the same; and though the giving
of it would have been harmless, the refusal to give it was not error.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco, and from orders denying
a new trial and denying a motion in arrest of judgment.
George H. Cabaniss, Judge.

The facts are stated in the opinion of the court.

Carl Lindsay, for Appellant.

U. S. Webb, Attorney General, C. M. Fickert, District At-
torney, and James F. Brennan, Assistant District Attorney,
for Respondent.

KERRIGAN, J.—The defendant was charged by informa-
tion with the crime of assault with a deadly weapon. He was
found guilty as charged, and sentenced to imprisonment for

the term of eighteen months. He appeals from the judgment, and also from the orders denying his motions for a new trial and in arrest of judgment.

His principal ground of appeal is that the evidence is insufficient to support the verdict.

Briefly the evidence shows as follows: On December 20, 1908, at 2 o'clock in the morning, John P. Fennell, the complaining witness, John J. Sullivan and Florence O'Neill were walking along Kearny street in San Francisco toward Market street, when the defendant called out to Fennell, "You fellow in the gray suit, I want to speak to you." The defendant, being an utter stranger to Fennell, was told so by him, and directed to go away. The Fennell party proceeded hurriedly along their way. O'Neill, who had stopped to say good-bye to some friends, was a short distance in the rear of his companions, and upon coming up to defendant said to him, "You don't know any of us. Go home, young man." Immediately defendant struck O'Neill, knocking him down. Thereupon, O'Neill having called for help, Fennell came to his assistance. In the meantime the defendant had backed from the sidewalk to the middle of the street, and was carrying his right hand by his side with "something in his hand." Fennell, after having advanced to within about twelve feet of the defendant, noticing this, "hesitated," and said, "Why did you hit that man?" whereupon, without any explanation, threat or warning of any kind, defendant fired two shots from a pistol at Fennell, the second of which struck Fennell in the head. Fennell was unarmed.

The defendant's version of the affair is that the Fennell party was being followed by a suspicious-looking character, and believing that he knew Fennell he called out to him, intending to warn him and his companions of their danger, but upon discovering that he was not acquainted with Fennell and that his good offices were resented, he concluded that he would mind his own business and go home. That after proceeding on his way for a block O'Neill stepped from behind a pile of structural material and engaged him in a fist fight; that presently Sullivan and Fennell came to the assistance of O'Neill; that during the altercation Fennell called him a vile name and reached toward his hip pocket, and at this point, fearing for his life, he drew his pistol and fired two

shots, intending both to go into the air, the second one of which, however, accidentally hit Fennell.

Upon this evidence the jury has found the defendant guilty, and the trial judge, by denying defendant's motion for a new trial, has approved the verdict. The defendant, as before stated, asks us to reverse the case upon the ground that the verdict is not supported by the evidence. The mere statement of the facts of the case as testified to, it seems to us, is a complete answer to this contention. The defendant was roaming the streets of San Francisco at an early and unusual hour of the morning. With no plausible reason he accosted Fennell and his companions and persisted in following them, and without provocation struck O'Neill, knocking him to the ground, and a few moments later shot and very seriously wounded the complaining witness without any apparent necessity or justification therefor. The defendant is fortunate that his shot did not kill Fennell. From the record before us he might have been prosecuted for a more serious offense. At all events the question of his guilt or innocence was for the jury, and the verdict being sustained by substantial evidence it cannot be disturbed by this court unless it is vitiated by the failure of the trial court to give the following instruction requested by defendant: "The court instructs you that if you find from the evidence that the defendant had no motive for the commission of the offense charged in the information, that the absence of a motive is a circumstance in favor of one accused, which must be added to the presumption of innocence, and which you should take into consideration in deliberating upon your verdict."

In *People* v. *Glaze,* 139 Cal. 154, [72 Pac. 965], the refusal to give a similar instruction was upheld by the court, where it is said: "The constitution declares that 'Judges shall not charge juries with respect to matters of fact' (art. VI, sec. 19). A statement to the jury that a failure to prove the existence of a motive impelling the defendant to commit the crime is a 'circumstance in favor of his innocence,' while perhaps a correct statement of the view to be taken by the jury of such failure of proof, is nevertheless an instruction with respect to a matter of fact. As such the court was not bound to give it." While the giving of this instruction would have

been harmless, still the refusal of the court to give it was not error.

The judgment and orders are affirmed.

Cooper, P. J., and Hall, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on September 16, 1910.